**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-4654**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

ROLANDER YARBAROU GRICE,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, District Judge. (3:03-cr-00013-FDW-1)

———————

Submitted: April 19, 2011          Decided: May 3, 2011

———————

Before KING and DAVIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

C. Dennis Gibson, DENNIS GIBSON LAW, PLLC, Ridgecrest, North Carolina, for Appellant. Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rolander Yarbarou Grice was sentenced to a twelve month and one day term of imprisonment following the revocation of his supervised release. Grice's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating his opinion that there are no meritorious issue for appeal but questioning whether Grice's sentence was reasonable. Grice was notified of his right to file a pro se supplemental brief, but has not filed a brief. The Government has declined to file a responsive brief. We affirm.

We will affirm a sentence imposed after revocation of supervised release if it is not plainly unreasonable. United States v. Thompson, 595 F.3d 544, 546 (4th Cir. 2010). The first step in this review requires a determination of whether the sentence is unreasonable. United States v. Crudup, 461 F.3d 433, 438 (4th Cir. 2006). "This initial inquiry takes a more 'deferential appellate posture concerning issues of fact and the exercise of discretion' than reasonableness review for guidelines sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (quoting Crudup, 461 F.3d at 439) (applying "plainly unreasonable" standard of review for probation revocation). Only if the sentence is procedurally or substantively unreasonable does the inquiry proceed to the

2

second step of the analysis to determine whether the sentence is plainly unreasonable. Crudup, 461 F.3d at 438-39.

A supervised release revocation sentence is procedurally reasonable if the district court considered the advisory policy statement range based upon Chapter Seven of the Sentencing Guidelines and the § 3553(a) factors applicable to supervised release revocation. See 18 U.S.C. § 3583(e) (2006); Crudup, 461 F.3d at 438-40. A sentence is substantively reasonable if the district court stated a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum. Crudup, 461 F.3d at 440. "A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still must provide a statement of reasons for the sentence imposed." Thompson, 595 F.3d at 547 (internal quotation marks omitted). Our review of the record leads us to conclude that the sentence imposed after Grice's supervised release revocation was not plainly unreasonable.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. This court requires that counsel inform Grice, in writing, of the right to petition the Supreme Court of the United States for further review. If Grice requests that a petition be filed, but counsel believes that such a petition would be frivolous, then

3

counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Grice.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4